UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. LARRY LeSANE, et al.,<br><br>    Defendants. | No. 2:16-cv-1795 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff David W. Wilson is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that he is eligible to proceed in forma pauperis, and recommends that plaintiff be barred from proceeding in forma pauperis and required to pay the appropriate filing fee.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on numerous prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to

1

state a claim upon which relief may be granted:[1]

- Wilson v. Schwartz, No. 2:05-cv-1649 GEB CMK (Oct. 31, 2006 E.D. Cal.) (findings and recommendations recommending dismissal of action for failure to state a claim) (ECF No. 24 at 4); findings and recommendations adopted in full);
- Wilson v. Veal, No. 2:06-cv-0067 FCD KJM (findings and recommendations recommending dismissal of action for failure to state a claim) (ECF No. 9 at 2); adopted in full);
- Wilson v. Tilton, No. 2:06-cv-1031 LKK PAN (findings and recommendations recommending dismissal for failure to state a claim) (ECF No. 5 at 4), adopted in full);
- Wilson v. Dovey, No. 2:06-cv-1032 FCD EFB (Mar. 8, 2007 E.D. Cal.) (order dismissing action for failure to state a claim) (ECF No. 13);
- Wilson v. CDC, No. 06-cv-1391 FCD PAN (order dismissing action for failure to state a claim) (ECF No. 20);
- Wilson v. Wann, No. 06-cv-1577 FCD KJM (order dismissing for failure to state a claim) (ECF No. 44);
- Wilson v. Dovey,  Case No. 06-cv-2553 DFL EFB (order dismissing for failure to state a claim (ECF No. 18);
- Wilson v. Kernan, No. 07-cv-0352 MCE EFB (order dismissing for failure to state a claim (ECF No. 15);
- Wilson v. Kernan, No. 07-cv-0616 GEB EFB (order dismissing for failure to state a claim (ECF No. 12); and
- Wilson v. Adult Institutions Div., No. 08-cv-2904 WBS GGH (findings and recommendations found plaintiff's claims were "wholly frivolous") (ECF No. 13 at 4); adopted in full.).[2]

---

[1] The court takes judicial notice of these lawsuits filed by plaintiff in the United States District Court for the Eastern District of California.  Since 2005, plaintiff has filed over 29 cases in this court's division.  Given the volume of plaintiff's filings, the court has not reviewed all of his previous cases.

[2] See also Wilson v. Hubbard, No. 2:07-cv-1558 WBS GGH (Oct. 16, 2009 E.D. Cal.) (order

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's 196 page complaint was signed on July 27, 2016.  Plaintiff alleges a laundry list of alleged program and activity deprivations for inmates housed in the M-1 enhanced outpatient mental health program at California Medical Facility ("CMF") from September 29, 2015, to July 14, 2016.[3]  (ECF No. 1 at 3, 7, 22-34, 4-7.)  Plaintiff contends his rights under the ADA and the Eighth Amendment have been violated based on the failure to provide equal day room, phone time, and "unlock" time, claiming such deprivation causes imminent danger for psychological

---

designating plaintiff a three strikes litigant for purposes of section 1915(g)).

[3] To the extent plaintiff attempts to bring this lawsuit as a class action, such effort is unavailing. Plaintiff is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, is not construed as a class action and instead is construed as an individual civil suit brought by plaintiff.  Thus, the court does not address factual allegations plaintiff attempts to raise on another inmate's behalf.

and physical harm.  (ECF No. 1 at 37.)  Plaintiff claims staff shows favoritism as to job equality and unit therapeutic task workers caused by overcrowding.  Plaintiff seeks appointment of a special monitor to "supersede staff bargaining agreements of position controls and lengths of time in job positions at CMF," (ECF No. 1 at 38), and to allocate specific times for dayroom access, phone calls, and shower unlocks.  Plaintiff seeks to have certain defendants removed from their jobs or demoted.  (ECF No. 1 at 3.)  Plaintiff claims he is subject to a disparate impact caused by sergeants and lieutenants denying post orders so that correctional officers "can socialize, hang-out, gibber-jabber, lolly-gag in corridors with unlocks, job duties ancillary to gossiping & to stare, ogle, gawk & greet female staff going to separate entity [sic]."  (ECF No. 1 at 16.)  Plaintiff alleges that CMF "must have staff reduction of custody, administration, maintenance, cooks, medical and psychological staff, et al., and special monitor for position control of [Correctional Officers] ("C/O's") in EOP's and lengths of time in units to stop C/O fiefdom Kings that cause crisis unit attempted suicides."  (ECF No. 1 at 17.)  Plaintiff claims that special monitors must be able to supersede bargaining agreements "to prevent deaths and party atmosphere" that violates prison regulations.  (ECF No. 1 at 17, citing Cal. Code Regs. tit. 15, § 3004.)  Plaintiff complains that certain staff leave the lights on or refuse to turn the television back on.  (ECF No. 1 at 24, 26.)  Plaintiff contends that certain portions of the facility are cold.  (ECF No. 1 at 26.)

Such allegations do not demonstrate imminent danger[4] as required under <u>Andrews</u>.  Plaintiff's allegations concerning alleged discrimination and violation of prison regulations do not demonstrate that at the time he filed his complaint, he was under imminent danger of serious physical injury.

////

---

[4] In his paragraph 21, plaintiff uses the terms "imminent danger," and alleges that inmate Oliver cut his artery and bled, but plaintiff discusses this in the context of house cleaning workers and therapeutic task workers.  (ECF No. 1 at 6; 174)  In inmate Oliver's affidavit, he states that on May 12, 2016, because an inmate's boom box was playing loud music, which became louder once Oliver asked politely to have it turned down, Oliver suffered a "psychological breakdown and in rage 'hit the small door window & cut a nerve artery & bled bad.'  Oliver was taken to Kaiser and received four hours of surgery and his arm was cast from hand to elbow.  (ECF No. 1 at 178.)  Such allegations fail to demonstrate that plaintiff was at risk of imminent physical injury at the time he filed the complaint.

1    For the reasons discussed above, the undersigned finds that plaintiff has not met the imminent danger exception to 28 U.S.C. § 1915(g). Therefore, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee.  Failure to pay the fees will result in dismissal of the complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and

2. Plaintiff be ordered to pay the appropriate filing fee within fourteen days from the adoption of these findings and recommendations.  Failure to pay the fees will result in dismissal of the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wils1795.3str

5