UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LARRY LESANE, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1795 JAM KJN P<br><br><br>ORDER |

Plaintiff filed a request for reconsideration of this court's December 27, 2016 order.

<u>Legal Standards</u>

Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." <u>Id.</u> "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

////

1

Discussion

In the request for reconsideration, plaintiff disputes the finding that he does not meet the imminent danger exception to the three strikes rule. 28 U.S.C. § 1915(g). In support, plaintiff claims that on December 9, 2016, plaintiff's cell was set on fire while plaintiff was at group therapy. On December 10, 2016, plaintiff was placed in administrative segregation. Plaintiff then recounts a series of events, unrelated to the claims raised in his complaint,[1] which he appears to claim constitutes a series of "threats of inciting and provoking violence" against plaintiff. (ECF No. 9 at 6.)

Plaintiff signed the complaint on July 27, 2016. The alleged fire was set in plaintiff's cell on December 9, 2016, over six months after the instant complaint was filed. Because the fire and the subsequently-alleged events occurred after the instant complaint was written, plaintiff cannot base his claim of imminent danger on such incidents. Rather, imminent danger must be that danger facing plaintiff at the time he filed the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because application of § 1915(g) turns on the allegations of the July 2016 complaint, plaintiff's request for reconsideration is unavailing.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 9) is denied;

2. Within fourteen days from the date of this order, plaintiff shall submit the filing fee of $400.00; and

3. Failure to comply with this order will result in the dismissal of this action.

DATED: June 28, 2017

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE

---

[1] As set forth in the underlying findings and recommendations, in plaintiff's 196 page complaint, he alleges a laundry list of alleged program and activity deprivations for inmates housed in the M-1 enhanced outpatient mental health program at California Medical Facility from September 29, 2015, to July 14, 2016. (ECF No. 6 at 3-4.)